UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DEMIKA KITTLES, DAVON KITTLES, PATIENCE SLAUGHTER, VONDELL OLIVER JR., KAMANI AIME, GENTRESE BARFIELD, JACKIE PURDIE, LINCOLN ISIDORE, QUARON PACKER,

                       Plaintiffs,

         -against-

CITY OF NEW YORK; Police Officer ALEX MALPICA, Police Officer John and Jane Doe 1 through 20, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.

------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.
3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.
4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs DEMIKA KITTLES, DAVON KITTLES, PATIENCE SLAUGHTER, VONDELL OLIVER JR., KAMANI AIME, GENTRESE BARFIELD, JACKIE PURDIE, LINCOLN ISIDORE, QUARON PACKER are residents of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.
8. Defendant Police Officer ALEX MALPICA ("MALPICA"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant MALPICA is sued in his individual and official capacities.
9. At all times relevant defendants John and Jane Doe 1 through 20 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 20.
10. At all times relevant herein, defendants John and Jane Doe 1 through 20 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 20 are sued in their individual and official capacities.
11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 1 p.m. on SEPTEMBER 26, 2020, the defendants placed the plaintiffs under arrest at 660 GATES AVE, County of Kings, City and State of New York.
13. The defendants then raided the location with weapons at hand, searching and handcuffing the plaintiffs before transporting them to the 73rd precinct where the plaintiff's detention continued.
14. The defendants were discourteous and used unnecessary force when searching, handcuffing and/or speaking with the plaintiffs.
15. Once at the 73rd Precinct, Defendant MALPICA interrogated a number of the plaintiffs.
16. The plaintiffs were released from the precinct after over 24 hours in custody with the exception of Demika Kittles who was held further and prosecuted.
17. Defendant MALPICA falsely informed employees of the Kings County District Attorney's Office that they had observed Ms. Kittles commit various crimes.
18. At no point did the officer observe any of the plaintiffs commit any crimes or offenses.

19. From the precinct, Ms. Kittles was taken to Brooklyn Central Booking.
20. She was then arraigned in the Kings County Criminal Court, where she was released on their recognizance.
21. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

22. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
23. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.
24. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

25. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.
27. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

28. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
29. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.
30. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of his

constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.
31. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
33. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.
34. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
36. The individual defendants created false evidence against Plaintiffs.
37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.
38. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.
39. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
41. The individual defendants issued legal process to place Plaintiffs under arrest.

42. The individual defendants arrested Plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.
43. The individual defendants acted with intent to do harm to Plaintiffs without excuse or justification.
44. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### First Amendment Retaliation

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
46. By their conduct, as described herein, and acting under color of state law to deprive the plaintiffs of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs' exercising their First Amendment rights.
47. As a consequence of the individual defendants' actions, plaintiffs have suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment-protected activities.
48. As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## EIGHTH CLAIM
### Failure To Intervene

49. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an

opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.
51. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.
52. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### SEVENTEENTH CLAIM
*Monell*

53. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.
54. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.
55. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.
56. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.
57. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.
58. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct. These policies, practices, and customs were the moving force behind plaintiffs' injuries

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:
   a. Compensatory damages against all defendants, jointly and severally;
   b. Punitive damages against the individual defendants, jointly and severally;
   c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
   d. Such other and further relief as this Court deems just and proper.

DATED:
July 25, 2023
Brooklyn, New York

Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, 2504
New York, New York 11241
(718) 852-4759
rameaulawny@gmail.com

*Attorney for plaintiffs*